Nen Jin YANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General,* United States Department of Justice, Respondents.

No. 04–3969–AG NAC.

United States Court of Appeals, Second Circuit.

April 3, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as Respondent in this case.

H. Raymond Fasano, Madeo & Fasano, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney (Tamra Phipps, Arnold B. Corsmeier, Assistant United States Attorneys), Jacksonville, Florida, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Nen Jin Yang ("Yang"), through counsel, petitions for review of the July 2004 BIA order affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's findings of fact under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003).

The IJ properly denied Yang's asylum claim because the IJ's adverse credibility determination was supported by substantial and material inconsistencies in the record. The IJ correctly observed that Yang's testimony was inconsistent with her sworn testimony at the credible fear interview. At the hearing, Yang testified that the family planning officials took her for a blood test and then let her go, while in her credible fear interview she stated that she fled with her husband when the authorities ordered her to undergo sterilization. Yang also testified that, during the credible fear interview, she stated that she feared being sterilized and did not know her husband's whereabouts, even though the authorities had chosen not to sterilize her and she actually knew that her husband was in the United States. The IJ properly acknowledged Yang's explanation, that she had been instructed to lie by the snakehead, and discounted it because the IJ had no reason to believe Yang did not continue to lie during the hearing.

Further, the IJ appropriately found that the omission of Yang's husband's sterilization from his asylum application undermined the reliability of Yang's testimony. The issue of Yang's husband's forced sterilization was not merely a collateral matter; it comprised the crux of Yang's claim. *See Secaida–Rosales,* 331 F.3d at 308.

Additionally, the IJ properly gave no weight to the documents submitted by Yang because he provided a rationale for doubting them. The IJ took into consideration that the documents were not authenticated, Yang's testimony was deficient, and the State Department Profile indicated that documentation from China was subject to widespread fraud. Moreover, the IJ specifically observed that Yang's

husband failed to present his sterilization certificate when he applied for asylum and that the document crucial to Yang's claim, her husband's medical report on his sterilization, failed to establish that the sterilization occurred in China or was forced.

The record also supports the IJ's decision to decline to give weight to Yang's husband's testimony in light of the prior history of his case and Yang's testimony: Yang's husband clearly omitted any claim of his own sterilization from his asylum claim and the IJ provided "specific, cogent reasons" for rejecting Yang's testimony.

Because the only evidence of a threat to Yang's life or freedom depended upon Yang's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Likewise, the IJ properly found that Yang had not met her burden of proof under the CAT, given that her CAT claim was grounded on the same factual premise as her asylum and withholding claims.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).